The Judges,
after considering the case fully, were unanimously of opinion, that the making and presenting the order in this case, came within the meaning of the act, and constituted the offence of forgery. That no particular or precise form was necessary; that it was sufficient, if it was false and forged, and calculated to deceive and defraud. That it was not necessary, that the goods should be delivered in order to complete the offence ; the presenting of the order and handing of it to Coleman, was an uttering within the words of the law, although stopped by Coleman on suspicion of its falsity ; and that West’s case, tried in Charleston in 1785, had settled the doctrine in this state. The order in that case was positive, and the goods were desired to be charged to the account of William Washington, the supposed drawer of the order; so in the present case, the order is positive also, and the goods are desired to be charged to Charles Evans, the supposed drawer; there is no ambiguity or uncertainty in either of the cases.
In Mary Mitchell’s case, quoted from Foster, there was a doubt whether it was a request, or an order within the statute : “ Let the woman have (the things mentioned) and he i( (the supposed signer of the paper) would see them all paid.” This appeared to the judges a doubtful case, and the statute being a highly penal one, the majority of them gave it the mildest construction, though one or two of them thought it came under the statute.
But on the second ground, they were all of opinion, that the judgment ought to be arrested; the indictment states the offence to be against the British statute made of force in this state, when in fact there is no such statute made of force here. If the indictment had concluded against the act of the legislature, in such case made and provided, it would have been good} but as it concludes against a Bri *267 tish act of parliament, which never was in force in this country, it is vitious, and the court cannot by intendment say that the British act of parliament intended to have been made of force here, means an act of assembly against the offence of forgery.
In all prosecutions on penal statutes, especially where the life of a man is concerned, nothing should be left to intendment, or presumption in the pleadings ; every thing in them should be precise, certain and definite, so as to leave no room for uncertainty or ambiguity.
Rule for arresting of the judgment made absolute, and the prisoner was discharged.
Present, Waties, Bay, Johnson, Ramsay and Trele-vant.